IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NATHAN ROBERT HALL,
#Y35332,

        Plaintiff,

v.

JEFFERSON COUNTY STATES
ATTORNEY OFFICE,

        Defendant.

Case No. 20-cv-01141-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Nathan Hall, an inmate of the Illinois Department of Corrections who is currently incarcerated at Shawnee Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Hall claims that he was subjected to malicious prosecution resulting in a wrongful conviction. He seeks monetary damages and injunctive relief.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Hall claims that he was subjected to malicious prosecution by the Jefferson County State's Attorney's Office. (Doc. 1). During his criminal trial, State Assistant Attorney Kozuszek violated the rules of evidence. She played a twenty-three minute highly prejudicial video for the jury that

contained child pornography, rather than showing only excerpts. She also used "legal content to further appeal to the emotions of the jury" and repeatedly called Hall "repulsive" throughout the trial. Finally, she refused to "drop the case even though no evidence of wrong-doing existed to support the accusation of law enforcement," who relied on "people's prejudicial preconceptions, more than any legal violation."

Hall claims his criminal case is on appeal and that he is aware the appellate court can remedy his wrongful conviction. However, he believes that the States Attorney's actions are malicious prosecutorial misconduct.

## DISCUSSION

Hall has failed to state a claim for relief upon which relief may be granted. He brings his constitutional claims against the Jefferson County State's Attorney's Office for malicious prosecution. He also states that his Fifth Amendment right to a fair trial, as well as his First and Fourth Amendment rights were violated. But as a state agency, the Jefferson County State's Attorney's Office is not a suable entity. "The Eleventh Amendment prohibits federal courts from deciding suits brought by private litigants against states or their agencies." *Garcia v. City of Chi., Ill.,* 24 F. 3d 966, 969 (7th Cir. 1994). Accordingly, the Jefferson County State's Attorney's Office cannot be sued pursuant to Section 1983. *See also Am. Soc. of Consultant Pharmacists v. Patla,* 138 F. Supp. 1062, 1070-71 (N.D. Ill. Feb. 27, 2001).

The Court further notes that a "Fourth Amendment claim for 'malicious prosecution' does not exist in this Circuit." *Maldonado v. Cty. of Cook,* 2020 WL 4365645, at *3 (N.D. Ill. July 30, 2020) (citing *Camm v. Faith*, 937 F.3d 1096, 1100 (7th Cir. 2019)). Additionally, to the extent Hall is claiming that actions by individual government attorneys resulted in an unfair trial and a wrongful conviction, the *Heck* doctrine prohibits civil collateral attacks against outstanding criminal judgments. *Heck v. Humphrey,* 512 U.S. 477 (1994). Hall cannot obtain damages under

Section 1983 if a judgment in his favor "would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. Hall states that his criminal case is on appeal. Thus, his conviction has not been overturned or invalidated, and he may not assert a Section 1983 claim challenging his trial proceedings.

For all these reasons, Hall's claims are dismissed, and the Complaint does not survive review under Section 1915A. The Court finds that the Complaint cannot be cured by permitting Hall to amend. However, to the extent his claims may be pursued in a habeas case or other proceedings, the Complaint will be dismissed without prejudice.

### SUPPLEMENT

In a letter sent to the Court, filed as a supplement, Hall puts forth allegations regarding his current treatment at Shawnee Correctional Center. (Doc. 11). He claims that he has been subjected to punishment by staff after filing his civil complaint in this case. Hall states that his commissary, phone, and shower privileges have been reduced. Because of his commissary restriction, he is unable to purchase envelopes and send out legal mail. Hall also states the water tastes like dirt. He asks the Court to "do something."

The Court construes the supplement as a motion for a preliminary injunction. Injunctive relief is appropriate only if it seeks relief of the same character sought in the underlying suit. *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994); *Daniels v. Dumsdorff*, No. 19-cv-00394-NJR, 2019 WL 3322344 at *1 (S.D. Ill., July 24, 2019). The claims in the supplement pertain to individuals who are not parties in this action and the incidents described are unrelated to allegations in the Complaint. Accordingly, preliminary injunctive relief is not appropriate, and the request is denied. If Hall wishes to pursue these unrelated claims, he should file a separate case under 42 U.S.C. § 1983. The Court states no opinion on the merits of any such claims.

### DISPOSITION

For the reasons stated above, the Complaint and this entire action are **DISMISSED without prejudice** for failure to state a claim for relief. The dismissal counts as a "strike" under 28 U.S.C. § 1915(g). The request for preliminary injunctive relief (Doc. 11) is **DENIED.** All other pending motions are **DENIED as moot.**

Hall may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Hall does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Hall may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

Hall is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: December 9, 2021**

                                         *s/Stephen P. McGlynn*
                                         **STEPHEN P. MCGLYNN**
                                         **United States District Judge**